KATHRYN A. STEBNER (SB #121088)
STEBNER AND ASSOCIATES
870 Market Street, Suite 1212
San Francisco, CA  94105
Tel:    (415) 362-9800
Fax:    (415) 362-9801

Michael L. Williams (OSB # 78426)
Leslie O'Leary (OSB #99090)
WILLIAMS LOVE O'LEARY  & POWERS, P.C.
9755 SW Barnes Rd., Suite 450
Portland, OR  97225-6681
Tel: (503) 295-2924
Fax: (503) 295-3720

Bryan O. Blevins, Jr., Esq. (TB# 02487300)
Christopher T. Kirchmer, Esq. (TX #00794099)
PROVOST UMPHREY LAW FIRM
490 Park Street
PO Box 4905
Beaumont, TX 77704
Tel: (409) 835-6000
Fax: (409) 813-8612

Attorneys for Plaintiff PATRICIA A. WALKER

## IN THE UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA A. WALKER,<br><br>Plaintiff,<br><br>v.<br><br>PFIZER INC.; WYETH dba WYETH LLC; WYETH PHARMACEUTICALS INC.; ORTHO-MCNEIL PHARMACEUTICAL, LLC; MONARCH PHARMACEUTICALS INC.; and WARNER CHILCOTT US LLC,<br><br>Defendants. | CASE NO. _____<br><br>COMPLAINT FOR DAMAGES<br>Personal Injury Action (28 U.S.C. §1332)<br><br>DEMAND FOR JURY TRIAL |

## NATURE OF THE CASE

1.  Plaintiff Patricia A. Walker developed breast cancer caused by her ingestion of prescription hormone replacement therapy medication, specifically Prempro, Ortho-Prefest, Prefest, and FemHRT("hormone therapy drugs" or "hormone therapy products"). This lawsuit asserts claims for

COMPLAINT FOR DAMAGES

1   negligence, strict product liability for design defect, strict product liability for failure to warn and breach

2   of implied warranty against each defendant responsible for the design, manufacture, production, testing,

3   study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of the

4   hormone therapy products that caused Patricia A. Walker's breast cancer.

### JURISDICTION AND VENUE

6     2.   This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332

7   (diversity of citizenship).  The matter in controversy in this civil action exceeds the sum or value of

8   $75,000, exclusive of costs and interests, as to each defendant, and is between citizens of different

9   states.

10     3.   Venue is proper in this district under 28 U.S.C. §1391 because defendants transact business

11   in this district.

### THE PARTIES

<u>Plaintiff</u>

14     4.   At all material times, plaintiff Patricia A. Walker has been a resident and citizen of

15   California.

<u>Defendants</u>

17     5.   <u>Defendants as to Prempro plaintiff ingested:</u>

18         a.      Defendant Wyeth dba Wyeth LLC is a Delaware corporation with its principal

19         place of business in Madison, New Jersey.  At all relevant times, this defendant was

20         engaged in the design, manufacture, production, testing, study, inspection, mixture,

21         labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical

22         products, including the hormone therapy drug Prempro.

23         b.      Defendant Wyeth Pharmaceuticals Inc. is a Delaware corporation with its

24         principal place of business in Collegeville, Pennsylvania.  At all relevant times, Wyeth

25         Pharmaceuticals Inc. was engaged in the design, manufacture, production, testing, study,

26         inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution

27         of pharmaceutical products, including the hormone therapy drug Prempro.

28         c.      For purposes of this Complaint, all of the Wyeth companies, corporations,

COMPLAINT FOR DAMAGES

1   subsidiaries, and divisions will be collectively referred to as "Wyeth."  Wyeth includes

2   any and all parents, subsidiaries, affiliates, divisions, franchises, partners, joint venturers

3   and organizational units of any kind, their predecessors, successors and assigns and their

4   present officers, directors, employees, agents, representatives and other persons acting on

5   their behalf, including but not limited to Wyeth, Inc.; Wyeth-Ayerst Laboratories

6   Company; Wyeth-Ayerst Laboratories Inc.; Wyeth-Ayerst Pharmaceuticals Inc.; ESI

7   Lederle; and Ayerst Laboratories Inc.  At all material times before March 11, 2002,

8   Wyeth conducted business, operated under the name, and was formerly known as

9   American Home Products Corporation.

10          d.      Effective October 15, 2009, Pfizer Inc. acquired Wyeth.  Defendant Pfizer Inc. is

11   a Delaware corporation with its principal place of business in New York, New York.  At

12   all relevant times, this defendant was engaged in the design, manufacture, production,

13   testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion,

14   and/or distribution of pharmaceutical products.  Upon information and belief, a merger

15   between defendant Pfizer and Wyeth has made defendant Pfizer responsible for the

16   obligations, debts and liabilities of Wyeth.

17          e.      For purposes of this Complaint, all of the Pfizer, corporations, subsidiaries, and

18   divisions will be collectively referred to as "Pfizer."  Pfizer includes any and all parents,

19   subsidiaries, affiliates, divisions, franchises, partners, joint venturers and organizational

20   units of any kind, their predecessors, successors and assigns and their present officers,

21   directors, employees, agents, representatives and other persons acting on their behalf,

22   including but not limited to Upjohn, Pharmacia & Upjohn, Wyeth and Pfizer.

23   6.   Defendants as to Ortho-Prefest plaintiff ingested:

24          a. Defendant Ortho-McNeil Pharmaceutical, LLC (formerly known as Ortho-McNeil

25   Pharmaceutical, Inc.) is a Delaware corporation with its principal place of business in

26   Raritan, New Jersey.  At all relevant times, this defendant was engaged in the design,

27   manufacture, production, testing, study, inspection, mixture, labeling, marketing,

28   advertising, sales, promotion, and/or distribution of pharmaceutical products, including

-3-                                    COMPLAINT FOR DAMAGES

the hormone therapy drug Ortho-Prefest.

7. <u>Defendants as to Prefest plaintiff ingested:</u>

 a. Defendant Monarch Pharmaceuticals, Inc. is a Tennessee corporation with its principal place of business in Bristol, Tennessee. At all relevant times, this defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Prefest.

8. <u>Defendants as to FemHRT plaintiff ingested:</u>

 a. Warner Chilcott US, LLC. (formerly Warner Chilcott, Inc.) is a Delaware corporation with its principal place of business in Rockaway, New Jersey. At all relevant times, this defendant was engaged in the design, manufacture, production, testing, study, inspection, mixture, labeling, marketing, advertising, sales, promotion, and/or distribution of pharmaceutical products, including the hormone therapy drug Femhrt.

## FACTUAL ALLEGATIONS

### Plaintiff's Injuries

9. Plaintiff Patricia A. Walker ingested each defendant's hormone therapy drugs, specifically Prempro, Ortho-Prefest, Prefest, and FemHRT. She first began ingesting the hormone therapy drugs in 1998. She stopped ingesting the hormone therapy drugs in 2008.

10. As a result of ingesting these hormone drugs, plaintiff Patricia A. Walker developed breast cancer, resulting in personal injuries and damages. Her breast cancer was diagnosed in March 2008, in California.

### Defendants' Misconduct

11. Plaintiff adopts the allegations of defendants' misconduct as alleged in the Amended Master Complaint, filed in the Prempro MDL on November 24, 2008.

12. At all material times, each defendant was responsible for designing, manufacturing, producing, testing, studying, inspecting, mixing, labeling, marketing, advertising, selling, promoting, and/or distributing its hormone drugs described herein, which plaintiff ingested.

13. Each defendant had an independent obligation to know, analyze, and disclose scientific and

COMPLAINT FOR DAMAGES

1    medical information about its hormone therapy drugs in a timely and adequate manner, and to provide

2    warnings about risks and side effects as soon as they were aware of them. Each defendant failed to do so

3    with respect to its hormone therapy drugs that plaintiff ingested, including by failing to know, analyze,

4    and/or disclose an increased incidence and risk of strokes, blood clots, heart attacks, breast cancers, and

5    ovarian cancer from its drugs.

6         14.   Each defendant made claims regarding the health benefits of ingesting its hormone drugs,

7    and the risks and side effects of its drugs.  Each defendant knew or should have known that these claims

8    were false and misleading.  Each defendant failed to adequately disclose the true health consequences,

9    and the true risks and side effects from these drugs, including the increased incidence and risks of

10   strokes, blood clots, heart attacks, breast cancers, and ovarian cancer.

11        15.   Each defendant failed to conduct adequate pre-marketing clinical testing and research, and

12   failed to conduct adequate post-marketing surveillance, to determine the safety of its hormone drugs,

13   including with respect to the causal connection between its hormone therapy drugs and strokes, blood

14   clots, heart attacks, breast cancers, and ovarian cancer.  Each defendant also failed to test its drug's

15   safety compared to safer, feasible alternative bioidentical hormones.

16        16.   Each defendant failed to disclose on its warning labels, or elsewhere, that adequate pre-

17   marketing clinical testing and research, and adequate post-marketing surveillance, had not been done,

18   thereby giving the false impression that its hormone therapy drugs had been sufficiently tested.

19        17.   Each defendant knew or should have known that, at all material times, its communications

20   about the benefits, risks, and adverse effects of its hormone therapy drugs, including communications in

21   labels, advertisements and promotional materials, were materially false and misleading.  In the

22   alternative, each defendant was ignorant of whether or not its communications about its hormone drugs

23   were true in material ways.

24        18.   Plaintiff would not have ingested the hormone therapy drugs described herein, or would

25   have discontinued its use, or would have used safer alternative methods, had each defendant disclosed

26   the true health consequences, risks, and adverse events, including the increased incidence and risk of

27   strokes, blood clots, heart attacks, breast cancers, and ovarian cancer, among other illnesses, caused by

28   its hormone drugs.

COMPLAINT FOR DAMAGES

19.  Each defendant's nondisclosures and misrepresentations as alleged herein were material, and were substantial factors that contributed directly and causally, and naturally and necessarily, to the serious injuries and damages that plaintiff has suffered.

### FRAUDULENT CONCEALMENT

20.  Any applicable statutes of limitations have been tolled by the knowing and active concealment and denial of material facts known by each defendant when it had a duty to disclose those facts.  Each defendant has kept plaintiff ignorant of vital information essential to a pursuit of these claims, without any fault or lack of diligence on plaintiff's part, for the purpose of obtaining delay on plaintiff's part in filing a complaint on her causes of action.  Each defendant's fraudulent concealment did result in such delay. Plaintiff could not reasonably have discovered these claims until shortly before filing this complaint.

21.  Each defendant was under a continuing duty to disclose the true character, quality, and nature of its hormone therapy drugs that plaintiff ingested, but instead concealed them.  As a result, each defendant is estopped from relying on any statute of limitations defense.

### CLAIMS FOR RELIEF

### First Claim Against All Defendants

### (Negligence)

22.  Plaintiff realleges all previous paragraphs, and adopts the allegations about negligence contained in the Amended Master Complaint, filed in the Prempro MDL on November 24, 2008.

23.  Each defendant introduced its hormone therapy drugs described herein into the stream of commerce.  At all material times, each defendant had a duty to plaintiff and other consumers of its hormone therapy drugs to exercise reasonable care in order to properly design, manufacture, produce, test, study, inspect, mix, label, market, advertise, sell, promote, and distribute its product.  This includes a duty to warn of side effects, and to warn of the risks, dangers, and adverse events associated with its hormone drugs.

24.  Each defendant knew, or in the exercise of reasonable care should have known, that its hormone therapy drugs were of such a nature that it was not properly designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold, promoted, and distributed, and

-6-                                                          COMPLAINT FOR DAMAGES

1  they were likely to cause injury to those who ingested them.

2      25.  Each defendant was negligent in the design, manufacture, production, testing, study,

3  inspection, mixture, labeling, marketing, advertising, sales, promotion, and distribution of its hormone

4  therapy drugs, and breached duties it owed to plaintiff.  In particular, each defendant:

5         a.  Failed to use due care in the preparation of its hormone therapy drugs to prevent the

6           aforementioned risks to women when the drugs were ingested;

7         b.  Failed to use due care in the design of its hormone therapy drugs to prevent the

8           aforementioned risks to women when the drugs were ingested;

9         c.  Failed to conduct adequate pre-clinical testing and research to determine the safety of its

10           hormone therapy drugs;

11         d.  Failed to conduct adequate post-marketing surveillance to determine the safety of its

12           hormone therapy drugs;

13         e.  Failed to study, develop, and/or acquire safer alternative components to replace the

14           synthetic hormone ingredients in combination hormone therapy;

15         f.  Failed to accompany its product with proper warnings regarding all possible adverse side

16           effects associated with the use of its hormone therapy drugs and the comparative severity

17           and duration of these adverse side effects;

18         g.  Failed to use due care in the development of its hormone therapy drugs to prevent the

19           aforementioned risks to individuals when the drugs were ingested;

20         h.  Failed to use due care in the manufacture of its hormone therapy drugs to prevent the

21           aforementioned risks to individuals when the drugs were ingested;

22         i.  Failed to use due care in the inspection of its hormone therapy drugs to prevent the

23           aforementioned risks to individuals when the drugs were ingested;

24         j.  Failed to use due care in the labeling of its hormone therapy drugs to prevent the

25           aforementioned risks to individuals when the drugs were ingested;

26         k.  Failed to use due care in the marketing of its hormone therapy drugs to prevent the

27           aforementioned risks to individuals when the drugs were ingested;

28         l.  Failed to use due care in the promotion of its hormone therapy drugs to prevent the

          COMPLAINT FOR DAMAGES

aforementioned risks to individuals when the drugs were ingested;

   m. Failed to use due care in the selling of its hormone therapy drugs to prevent the aforementioned risks to individuals when the drugs were ingested;

   n. Failed to provide adequate information to healthcare providers for the appropriate use of its hormone therapy drugs;

   o. Failed to warn adequately about the health consequences, risks, and adverse events caused by its hormone therapy drugs; and

   p. Was otherwise careless and negligent.

26.   Each defendant knew or should have known that its hormone therapy drugs caused unreasonable harm and dangerous side effects that many users would be unable to remedy by any means.  Despite this, each defendant continued to promote and market its hormone therapy drugs for use by consumers, including plaintiff, when safer and more effective methods and formulations for treating the negative health effects of menopause were available.

27.   It was foreseeable to each defendant that consumers, including plaintiff, would suffer injury as a result of its failure to exercise ordinary care as described herein.

28.   As a direct and proximate result of each defendant's conduct, plaintiff suffered the injuries and damages specified herein.

## Second Claim Against All Defendants

### (Strict Liability: Design Defect)

29.   Plaintiff realleges all previous paragraphs, and adopts the allegations about design defect contained in the Amended Master Complaint, filed in the Prempro MDL on November 24, 2008.

30.   Each defendant manufactured, sold, and supplied its hormone therapy drugs described herein, and at all material times was in the business of doing so.  Each defendant placed its drugs into the stream of commerce.  These drugs were expected to, and did, reach plaintiff without substantial change in its condition.  Plaintiff ingested these hormone therapy drugs.

31.   At the time the hormone therapy drugs left each defendant's hands, these drugs were in a condition not contemplated by plaintiff and were unreasonably dangerous to her.  These hormone therapy drugs were dangerous to an extent beyond that which would be contemplated by the ordinary

COMPLAINT FOR DAMAGES

1  consumer who purchased them.  They were more dangerous than plaintiff contemplated.

2      32.  The risks of each defendant's hormone therapy drugs outweigh its utility.  There were

3  practicable and feasible safer alternatives to each defendant's hormone therapy drugs for treating

4  menopause symptoms.

5      33.  Each defendant's hormone drugs are defective and unreasonably dangerous.

6      34.  As a direct and proximate result of each defendant's conduct, plaintiff suffered the injuries

7  and damages specified herein.

8                    **Third Claim Against All Defendants**

9                    **(Strict Liability: Failure to Warn)**

10     35.  Plaintiff realleges all previous paragraphs, and adopts the allegations about failure to warn

11  contained in the Amended Master Complaint, filed in the Prempro MDL on November 24, 2008.

12     36.  Each defendant manufactured, sold, and supplied the hormone therapy drugs described

13  herein, and at all material times was in the business of doing so.  Each defendant placed these drugs into

14  the stream of commerce.  These drugs were expected to, and did, reach plaintiff without substantial

15  change in their condition.  Plaintiff ingested these hormone therapy drugs.

16     37.  When each defendant placed its hormone therapy drug into the stream of commerce, it

17  failed to accompany the drug with adequate warnings.  Each defendant failed to warn of the true risks

18  and dangers, and of the symptoms, scope and severity of the potential side effects of the hormone

19  therapy products plaintiff ingested.  These risks, dangers, and side effects include, but are not limited to,

20  strokes, blood clots, heart attacks, breast cancers, and ovarian cancer.

21     38.  Due to the inadequate warnings as alleged herein, at the time the hormone therapy drugs left

22  each defendant's hands, these drugs were in a condition not contemplated by plaintiff, and were

23  unreasonably dangerous to her.  They were dangerous to an extent beyond that which would be

24  contemplated by the ordinary consumer who purchased it.  They were more dangerous than plaintiff

25  contemplated.  Furthermore, their risks outweighed their utility.

26     39.  Each defendant's hormone therapy drug described herein was defective and unreasonably

27  dangerous.

28     40.  Had the defendants provided adequate warnings and instructions, plaintiff would not have

COMPLAINT FOR DAMAGES

ingested these drugs, and would not have suffered the personal injuries she did.

41.   As a direct and proximate result of each defendant's conduct, plaintiff suffered the injuries and damages specified herein.

### Fourth Claim Against All Defendants

### (Breach of Implied Warranty)

42.   Plaintiff realleges all previous paragraphs.

43.   At the time each defendant designed, manufactured, produced, tested, studied, inspected, mixed, labeled, marketed, advertised, sold, promoted, and distributed its hormone drugs for use by plaintiff, it knew of the use for which its hormone drugs were intended, and impliedly warranted its products to be of merchantable quality and safe and fit for their intended use.

44.   Contrary to such implied warranty, each defendant's hormone drug was not of merchantable quality or safe or fit for its intended use because it was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used, as alleged herein.

45.   As a direct and proximate result of each defendant's conduct, plaintiff suffered the injuries and damages specified herein.

### PRAYER FOR RELIEF

46.   WHEREFORE, plaintiff seeks judgment in her favor against each defendant as follows:

a.   Economic and non-economic damages in an amount in excess of $75,000 as to each defendant as provided by law and to be supported by the evidence at trial;

b.   An award of attorneys' fees and costs of suit, as provided by law;

c.   Such other legal and equitable relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff requests trial by jury.

DATED this 19 day of _Feb_____, 2010.

_____
Kathryn Stebner, Esq.

-10-                                    COMPLAINT FOR DAMAGES